UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN SILGUERO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | 2:11-cv-00622-GMN-LRL<br><br>**O R D E R** |

Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint (#1). The court finds that plaintiff is unable to prepay the filing fee. Further, although the court will dismiss the Complaint, it will do so without prejudice to allow plaintiff to cure the deficiencies listed below.

**I.**　　*In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, plaintiff's request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.**　　**Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Plaintiff has filed the complaint using the courts form to file civil rights complaints under Title 42 U.S.C. § 1983. The substance of plaintiff's complaint reveals, however, that plaintiff is not asserting a claim under § 1983. Rather, it appears plaintiff is challenging a denial of an application for disability benefits under Titles II and/or XVI of the Social Security Act. Plaintiff has attached several documents to his complaint, including doctors' letters, a Notice of Decision from the Social Security Administration with instructions regarding appealing to the Appeals Council, and a letter from an attorney indicating that the Appeals Council denied an appeal pertaining to him.

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Finley v. United States*, 490 U.S. 545 (1989). Judicial review of the Commissioner's administrative decisions is governed by section 405, subdivisions (g) and (h), of the Social Security Act. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(g) essentially acts as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 469 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987). Because the time limit set forth in Title 42 of the United States Code section 405(g) is a condition on the waiver of sovereign immunity, it must be strictly construed. *Bowen v. City of New York*, 476 U.S. at 479.

Plaintiff has not provided any dates related to the application or applications for disability benefits and the denials related thereto. Therefore, it is impossible for this court to determine whether plaintiff's filing is timely. As explained in the Code of Federal Regulations, upon receiving a denial of benefits, a plaintiff has sixty days to file an appeal with the Appeals Council. 20 C.F.R. §§ 404.967, 404.968. When the Appeals Council reviews the case, it will either affirm, modify, or reject the ALJ's recommendation. 20 C.F.R. § 404.979. It may also remand the case. 20 C.F.R. § 404.977. The Appeals Council's decision is binding unless a party files an action in federal district court within sixty days of the Appeals Council's decision. 20 C.F.R. §§ 422.210, 404.981.

Plaintiff has included a letter from an attorney which states that he must pursue an Appeals Court denial in federal court not later than April 25, 2011, but his Complaint is devoid of information. While pro se filings are to be construed broadly, the court cannot guess at what a plaintiff pleads. Plaintiff has not established that the instant appeal is timely by providing the dates related to his application or applications for disability benefits, the dates of denials of the applications, and the date of the decision by the Appeals Council. Therefore plaintiff's complaint must be dismissed. Plaintiff will, however, be afforded an opportunity to amend the Complaint. Should plaintiff file an amended complaint, it must establish in the body of the amended complaint, that the case is properly before this court and that it is timely.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma*

*pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint.

IT IS FURTHER ORDERED that the Complaint will be dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff shall file an amended complaint by **June 20, 2011** or this case may be dismissed with prejudice.

DATED this 20th day of May, 2011.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**